## James McHale, use of, etc., v. George S. Westover et al.

1. PRIORITY—*Creditor Postponing Sale Under Execution Loses.*—An execution creditor who consents to postpone the sale under his execution, renders the lien of his execution dormant and gives the lien of a junior judgment preference. The dormancy thus created applies in favor of sales and incumbrances of the property as well as the lien of junior executions.

2. SAME—*Motive of Postponement Immaterial.*—An execution may be avoided by postponement of sale by the execution creditor, although the motives influencing such conduct, instead of being fraudulent, are grounded in kindness and charity toward the judgment debtor, and free from the slightest design to injure others. Such motives are immaterial.

**Debt,** on a replevin bond. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge. presiding. Heard in the Branch Appellate Court at the March ⎰term, 1901. Affirmed. Opinion filed March 18, 1902.

June 23, 1893, a judgment by confession was entered in the Circuit Court in favor of A. S. Wehrheim against Leroy Payne and Cordelia B. Payne for the sum of $5,775. An execution was placed in the hands of the sheriff at 5:10 P. M. on the same day. About 7 P. M. the same day, the sheriff went to the house of the Paynes, 2322 Indiana avenue, to make a levy, but found the house locked up, the

doors and windows being barred. June 24, 1893, at ten A. M., a chattel mortgage was filed in the office of the recorder of Cook county from Leroy Payne and Cordelia B. Payne to George F. Westover covering the personal property in the premises, 2322 Indiana avenue, to secure notes aggregating $6,000. July 15, 1893, the Circuit Court entered an order that a credit of $2,645 be indorsed upon said execution, which was done. July 29, 1893, George F. Westover, the chattel mortgagee, and Leroy Payne, the judgment debtor, went to the office of Walker, Judd & Hawley, the attorneys for the judgment creditor, and it was there agreed between them and Mr. Hawley, of the legal firm, that if he should be paid $400 to cover the interest on the indebtedness to Wehrheim, and the attorney's fees for confessing the judgment, then they would make no levy on the personal property now under consideration and would give Payne until September to pay the debt. The $400 was paid by the check of George F. Westover. The purpose for which this was done was stated to be to give the judgment debtor, Payne, an opportunity to raise money from equities he had in real estate so as to discharge the judgment and leave the chattel mortgage of Westover a first lien upon the property. There is no evidence that anything was said or done to or with the sheriff in regard to this matter or about causing a levy to be made. September 14, 1893, a levy was made upon the household property at 2322 Indiana avenue, the value of which was about $5,800. September 16, 1893, the chattel mortgagee, George F. Westover, sued a writ of replevin out of the Superior Court against the sheriff and Wehrheim and took the property in question from the sheriff. A replevin bond was given by Westover, with one Starkweather as surety, to the coroner. October 28, 1893, the replevin suit of Westover against the sheriff and Wehrheim was dismissed for failure to file a declaration, with a judgment against the plaintiff for costs and an order for a *retorno habendo*. The *retorno habendo* was issued and demand made upon the same for the return of the property, which was refused. Then suit

was brought in the name of McHale, the coroner, for use of
A. S. Wehrheim, the judgment creditor, against Westover
and Starkweather, the obligors in the replevin bond, and
the case at bar is that suit, and was tried by the court
without a jury.   It was held by the court below that the
action of Hawley, attorney for the judgment creditor, in
agreeing to delay the execution at the request of Westover
and Payne, and upon the payment by Westover of $400 to
apply on the judgment, rendered the execution dormant as
against the chattel mortgage of Westover.   Propositions of
law were submitted to the court and refused.   The princi-
pal question in this case is whether the execution in ques-
tion became dormant as against the chattel mortgage.

EDWARD J. JUDD and ALBERT E. WILSON, attorneys for
appellant.

WESTOVER & CARR, attorneys for appellee; E. A. SHER-
BURNE, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.
It did not appear upon the trial that the plaintiff in the
execution gave directions to the sheriff not to levy, but he
did agree with the execution debtor that no levy should be
made and that he should have until September (more than a
month), in which to pay.   The sheriff in the meantime did
not levy; under the agreement he ought not to have levied
and appellant ought to have instructed him not to levy.
The Supreme Court of this State in Sweetser v. Matson,
153 Ill. 568, directly held that although an execution is
neither taken out nor used by a creditor for the purpose of
hindering, delaying or defrauding creditors, and though the
postponements of sale were reasonable and proper and did
not in fact in any manner injure or tend to injure, delay,
defraud or hinder the plaintiffs in junior executions or any
other creditor of the execution debtor in the collections of
demands against him, nevertheless the simple postponement
of sale by direction of the execution plaintiff rendered the
lien of his execution dormant and gave the lien of a junior

judgment preference. And the court, quoting from Freeman on Executions, say :

" An execution may be avoided by such conduct on the part of the plaintiff as shows an improper use of his writ, though the motives influencing such conduct, instead of being fraudulent, were grounded in kindness and charity toward the defendant, and free from the slightest design to injure others." * * *

It is insisted that this rule applies only to the rights of junior executions; but the Supreme Court in the same case say :

" The lien of an execution is designed to assist the plaintiff while he is seeking to enforce the writ. If at any time he is shown not to be seeking such enforcement, then, during such time, he is without any execution lien, and he is liable to lose the benefit of his writ through the sale or incumbrance of the defendant's property or by the operation of a junior writ."

The dormancy thus created, it is held, applies in favor of sales and incumbrances as well as the lien of junior executions.

We do not regard the acts of appellee as estopping him from claiming the superiority of his lien. Indeed, that seems to have been his plainly manifested intention, and the agreement.

Finding no error in the record the judgment of the Circuit Court is affirmed.